IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOSES NAVARRETTE, JR., § | | |
| TDCJ # 1618633, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-13-2678 | |
| § | | |
| DR. WANDA J ISBELL, § | | |
| DR. B. VINCENT, WARDEN § | | |
| PHILLIP O. BICKHAM, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This prisoner civil rights case is before the Court on Defendants Wanda Isbell ("Isbell") and Bobby Vincent ("Vincent") (collectively, with Warden Phillip O. Bickham ("Bickham"), "Defendants") "Amended Motion to Dismiss Pursuant to Fed. R. Civ. P[.] 12(b)(6)" ("Motion") [Doc. # 19]. Plaintiff Moses Navarette, Jr. ("Plaintiff"), state inmate # 1618633 with the Texas Department of Criminal Justice ("TDCJ") and proceeding *pro se*, filed a Response [Doc. # 20].[1] Defendants did not file a reply or request for additional time to do so. Defendants' Motion is ripe for review. Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies in part** and **grants in part** Defendants' Motion.

---

[1] Plaintiff filed a "Motion Not to Dismiss" [Doc. # 20], but does not seek relief beyond denying Defendants' Motion. The Court, therefore, considers this a response.

## I.  BACKGROUND

On September 11, 2013, Plaintiff sued Defendants under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") alleging generally that he was denied adequate medical care. *See* Original Civilsuit Complaint ("Original Complaint") [Doc. # 1-1], at 1, 5. On December 23, 2013, Plaintiff responded to the Court's Order for More Definite Statement [Doc. # 7] by filing a statement with more details about the facts giving rise to his claims and attaching copies of the Offender Grievance Forms he previously filed with TDCJ in July 2013. *See* Plaintiff's More Definite Statement ("Statement") [Doc. # 10-1]; Offender Grievance Forms ("Grievance Forms") [Doc. # 10-2]. Plaintiff explains that he was admitted to TDCJ on February 2, 2010 and, since then, Defendants allegedly have refused to place Plaintiff in a medical unit and provide him with a surgery that he needs for injuries related to a gunshot wound he suffered prior to arriving at Ferguson. Statement, at 1; *see also* Grievance Forms, at ECF pages 2, 4. On April 9, 2014, Plaintiff filed an Amended Complaint bringing ADA and § 1983 claims against Isbell, Vincent, and Bickham for refusing to accommodate his disabilities in violation of the ADA and for denying him medical care and ignoring his "serious medical needs" in violation of his Eighth Amendment rights. Amended Complaint [Doc. # 15], at 1-2.

Defendants Isbell and Vincent have filed a motion to dismiss Plaintiff's

Amended Complaint, arguing that all of Plaintiff's claims are barred by the statute of limitations. Motion, at 2-4. Alternatively, Defendants contend that Plaintiff's ADA claim should be dismissed because he only sued individuals working at the prison, not the entity. *Id.*, at 2.

## II.     **LEGAL STANDARD**

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that, in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-*

*Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief. *Iqbal*, 556 U.S. at 679. This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense. *Id.* Pleadings filed by *pro se* litigants are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *U.S. v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

### III.  ANALYSIS

#### A.  Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the statute of limitations. Since there is no federal statute of limitations for § 1983 and ADA claims, the Court must borrow the most analogous limitations period from state law. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2013) (en banc); *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). For § 1983 and ADA claims, the Court applies Texas's two-year personal injury limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.003; *Brockman v. Tex. Dep't of Criminal Justice*, 397 F. App'x 18, 21 (5th Cir. 2010); *see also Crostley*

*v. Lamar Cnty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013); *Whitt*, 529 F.3d at 282. This means that Plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning these allegations. "Federal law governs when a claim accrues, beginning when a 'plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Rankin v. U.S.*, 556 F. App'x 305 (5th Cir. 2014) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *see also Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).

There is an underlying fact dispute between the parties regarding when Plaintiff's claims accrued. Defendants contend that Plaintiff's claims accrued when he first entered TDCJ on February 2, 2010. Motion, at 3. According to Defendants, Plaintiffs claims are based on Defendants' refusal to place him in the medical unit and provide a surgery when Plaintiff first arrived at TDCJ, which was over two years before he filed his complaint. *See id.*, at 3-4.[2]

Plaintiff responds that Defendants have engaged in a "continuing wrong."

---

[2] Defendants assert that the operative date for statute of limitations purposes is September 11, 2013, when Plaintiff's Original Complaint was filed in this Court. Plaintiff does not directly dispute that this is the appropriate date for the Court to use in the statute of limitations analysis. The parties do not address whether Plaintiff's claims were tolled when he filed his Grievance Forms with TDCJ in July 2013. *See* Step 2 Offender Grievance Form dated July 23, 2013 [Doc. # 10-2], at ECF pages 2-3; Step 1 Offender Grievance Form dated July 18, 2013 [Doc. # 10-2], at ECF pages 4-5. The Court does not reach this issue here as it has not been briefed and is not dispositive of the outcome of the instant Motion.

Response, at ECF page 2.³ The Fifth Circuit has recognized that "a 'continuing tort' does not accrue until the tort has ceased." *Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980)). In cases alleging continuous denial of medical care, the Fifth Circuit has treated each separate request for medical attention as a potential tort that ceases once the plaintiff receives medical attention. *Id.* at 1132; *cf. Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009). The record is insufficient for the Court to determine whether this continuing tort doctrine applies to the case at bar. Defendants have not established from the pleadings that Plaintiff last sought the medical attention for his wounds outside the limitations or that Defendants ever responded to his requests.⁴ Liberally construing the allegations in Plaintiff's favor and presuming the

---

3   Plaintiff also argues that his claims did not accrue until he learned of his rights under the ADA and § 1983. Response, at ECF pages 1-2. This argument is unavailing. The Fifth Circuit has consistently held that the limitations period on a cause of action under federal law begins to run on the date the plaintiff becomes aware or reasonably should have known that she has suffered an injury, not when she learned that she may have a claim under § 1983 or the ADA. *See Holmes v. Tex. A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998); *Lamb v. Brookshire*, 30 F.3d 1493 (5th Cir. July 20, 1994) (unpublished) (per curiam); *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987); *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir. 1995).

4   Plaintiff asserts that he last sought medical care in 2012, less than two years before he filed his Original Complaint. Response, at ECF page 2. Plaintiff does not specifically mention when he last requested medical attention in his Amended Complaint, but does state that he has received "no treatment" and that Defendant Bickham at least was "informed" of his complaints in 2013, when Plaintiff filed his grievances, and Bickham "did nothing." Amended Complaint, at ECF page 2, ¶¶ 17, 27. Plaintiff also provided copies of medical records and grievance forms that suggest
(continued...)

allegations are true, as required for a Rule 12(b)(6) motion to dismiss, *see Iqbal*, 556 U.S. at 678-79, the Court concludes that it is plausible Plaintiff's claims are not barred by the statute of limitations, and thus denies without prejudice Defendants' 12(b)(6) motion to dismiss Plaintiff's claims.

### B.  **Proper Party Under the ADA**

Defendants argue that Plaintiff's ADA claim should be dismissed because Defendants are not proper parties under the ADA. Motion, at 4. Plaintiff sued Isbell and Vincent in their "individual and official capacities." Amended Complaint, at ECF page 1, ¶ 2. Plaintiff sued Bickham only in his "individual capacit[y]." *Id.*, at ECF page 1, ¶ 3.

The ADA provides for a cause of action against a public entity. *See* 42 U.S.C. § 12132. It is well established that individuals cannot be sued under the ADA in their individual capacities. *See Nottingham*, 499 F. App'x. at 376 n.6; *Slocum v. Livington*, Civil Action No. H-11-486, 2012 WL 2088953, at *18 n.11 (S.D. Tex. June 8, 2012) (Harmon, J.) (and cases cited therein); *K.G.S. v. Kemp*, Civ. Action No. 4:11-CV-303-A, 2011 WL 4635002, at *4 (N.D. Tex. Oct. 5, 2011) (McBryde, J.). Thus, Plaintiff's

---

[4] (...continued)
he made some complaints and received some medical attention in 2012 and 2013. *See* Grievance Forms; Letter from Plaintiff dated July 7, 2014 [Docs. # 24 and 24-1] (attaching medical records dated October 8, 2012). These materials are relevant, but the Court does not consider them on a motion to dismiss.

claims against Isbell, Vincent, and Bickham in their individual capacities are dismissed.[5]

However, "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Suits against individual defendants in their official capacities are considered as suits against the entity of which the officer is an agent. *Id.*; *Taylor ex rel. Gordon v. Murray*, Civil Action No. H-06-2792, 2006 WL 3063454, at *1 (S.D. Tex. Oct. 27, 2006) (Lake, J.); *accord Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).[6] Plaintiff's claims against Isbell and Vincent in their official capacities, therefore, are not dismissed at this time.[7]

---

[5] Defendant Bickham did not file a motion to dismiss. Nonetheless, the Court *sua sponte* addresses the issue of whether Bickham, who was only sued in his individual capacity, is a proper party under the ADA. The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam); *McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794 (5th Cir. 2007).

[6] There is no evidence before the Court regarding Isbell's and Vincent's positions, but the Court notes Defendants' representation in their Motion that Isbell and Vincent are employees of the University of Texas Medical Branch ("UTMB"), not TDCJ. *See* Motion, at 1.

[7] Defendants did not move to dismiss Plaintiff's ADA claim on any other grounds. It is noted that "[a] plaintiff states a claim for relief under Title II if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise

(continued...)

## IV.     CONCLUSION AND ORDER

For the reasons stated herein, the Court concludes that dismissing Plaintiff's claims on the basis of the statute of limitations is not appropriate at this time.  The Court dismisses Plaintiff's ADA claim only to the extent Plaintiff sues Isbell, Vincent, and Bickham in their individual capacities.  Accordingly, it is hereby

**ORDERED** that Defendants' "Amended Motion to Dismiss Pursuant to Fed. R. Civ. P[.] 12(b)(6)" [Doc. # 19] is **GRANTED in part** and **DENIED in part** as explained herein.  It is further

**ORDERED** that Plaintiff's ADA claim against Isbell, Vincent, and Bickham in their individual capacities is **DISMISSED with prejudice**.  It is further

**ORDERED** that, on or before **May 29, 2015**, Defendants must submit a motion for summary judgment, supported by Plaintiff's medical and classification records and other relevant evidence, in response to Plaintiff's claim of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 and violations of his rights under the ADA.  In the alternative, Defendants shall file by May 29, 2015 a statement with the Court explaining why such a motion is not appropriate at this time.  Finally, it is

---

[7]     (...continued)
discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). The Fifth Circuit has recognized that "[t]he ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Nottingham*, 499 F. App'x at 376 (internal quotation marks and citation omitted).

**ORDERED** that the Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this **4**<sup>th</sup> of **March, 2015.**

_____
Nancy F. Atlas
United States District Judge